# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Michael Lake, #367537 | ) | Civil Action No. 2:18-2308-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Sgt. J.E. Johnson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 15) recommending that Plaintiff's claim be dismissed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses this action.

## I. Background

Plaintiff is a *pro se* incarcerated person who brought an action pursuant to 42 U.S.C. § 1983 alleging that Defendant violated his Eighth Amendment right by breaking his arm. (Dkt. No. 1 at 4-6.) Plaintiff alleges that Defendant is an employee of the South Carolina Department of Corrections ("SCDC"). Service on Defendant was authorized, but the summons was returned unexecuted with the return indicating that the Marshal was informed by the SCDC Office of General Counsel that Defendant could not be found in the SCDC system. (Dkt. No. 12.) The Court issued an Order advising Plaintiff that he is responsible for providing information sufficient to effect service on Defendant, noting that Plaintiff should provide any additional identification or location information he may have for Defendant without delay, and noting that the action may otherwise be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if Defendant could not be served within the requisite ninety-day period. (Dkt. No. 13.)

Plaintiff has not provide a response to the Court's Order and the deadline for service on Defendant has expired.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a plaintiff has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's claim should be dismissed. Plaintiff did not file objections to the R & R. Federal Rule of Civil Procedure 4(m) provides that the Court may *sua sponte* dismiss an action without prejudice where the Plaintiff fails to serve the Defendant with the summons and complaint within ninety days of filing the complaint. Here, Plaintiff has not served Defendant and has not demonstrated good cause for the failure such that an extension of the deadline is warranted. Moreover, there is no basis to believe Defendant is on actual notice of the pending action such that service could be deemed waived. *See, e.g., O'Meara v. Waters*, 464 F. Supp. 2d

474, 476 (D. Md. 2006) ("When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process . . .") (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1987, 1989 (4th Cir. 1984). Accordingly, dismissal is proper under Rule 4.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 15) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 11, 2018
Charleston, South Carolina